IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LADARIUS CARNILUS JONES, #60183-177, Petitioner, | § § § § | |
| v. | § § | No. 3:24-cv-00063-L (BT) |
| UNITED STATES OF AMERICA, Respondent. | § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Ladarius Carnilus Jones, a federal prisoner, initiated this civil action by filing a *pro se* "Motion to Correct Pretrial Jail-Credit Time" (ECF No. 2), which the Court construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Because Jones is incarcerated at the United States Penitentiary (USP) Florence in Florence, Colorado, this Court lacks jurisdiction to consider his petition. The Court should DISMISS Jones's petition without prejudice.

In his petition, Jones alleges that there was a "vast discrepancy" in the "sentencing computation data records" and requests the Court "correct his pretrial jail-credit time." (ECF No. 2 at 1.) Liberally construed, Jones's allegation presents a claim under § 2241. *United States v. Garcia-Gutierrez, 835 F.2d 585, 586 (5th Cir. 1988)* (§ 2241 is the appropriate vehicle for a federal prisoner to seek credit for time served prior to the date of his federal sentence); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

1

But Jones is incarcerated at USP Florence in Florence, Colorado. Pet. 3-4 (ECF No. 2).

A § 2241 petition "must be filed in the same district where the prisoner is incarcerated." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A district court does not have jurisdiction to consider a § 2241 petition unless the federal prisoner or his custodian can be found within the court's jurisdiction. *Blau v. United States*, 566 F.2d 526, 527 (5th Cir. 1978) (per curiam). "Without such jurisdiction, the court has no authority to direct the actions of the restraining authority." *Lee v. Wetzel*, 244 F.3d 370, 374 (5th Cir. 2001) (quoting *Malone v. Calderon*, 165 F.3d 1234, 1237 (9th Cir. 1999)). When a district court does not have jurisdiction over a § 2241 petition, the court should dismiss the petition without prejudice to permit the petitioner to file his claims in the proper court. *Id.* at 375.

Because Jones is incarcerated at USP Florence in Florence, Colorado, this court lacks jurisdiction over his § 2241 petition.

The Court should DISMISS Jones's petition without prejudice.

SO RECOMMENDED.

Signed January 19, 2024.

_____<br>
REBECCA RUTHERFORD<br>
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.